WALTER V. H. MacEVOY, PROSECUTOR, v. ANGELO J. A. BENNELL AND HELEN L. BETTS, DEFENDANTS.

Submitted November term, 1922—Decided February 20, 1923.

Conviction—Driving Automobile—Complaint must Show Violation of Law—Failure to Stop after Accident.

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Elmer W. Romine*.

For the defendants, *King & Vogt*.

PER CURIAM.

On June 17th, 1922, Helen L. Betts was driving a Ford sedan car along the right-hand side of a highway leading from Mt. Tabor to Morris Plains, in the county of Morris. Walter V. H. MacEvoy was driving an automobile in the opposite direction. He came from behind another car which he was passing and struck the Ford sedan of Mrs. Betts, injuring her and the other occupants of the car. Three complaints

were made against Mr. MacEvoy, one for driving a car when intoxicated, one for driving a car recklessly, and one for failing, after an accident, to stop and render assistance. The charge for intoxication was dismissed. Mr. MacEvoy was convicted before Angelo J. A. Bennell, a justice of the peace, of Morristown, on the two other charges. These convictions have been removed to this court by writs of *certiorari* for review. They have been argued together and will be decided together.

The complaint for driving recklessly was in the following language: "Walter V. H. MacEvoy did operate and drive an automobile * * * at an excessive rate of speed and at a rate of speed greater than was reasonable, and in a reckless manner, and in such a careless and reckless manner, and at such an unreasonable rate of speed as to endanger the life and limb or to injure the property of other persons contrary to and in violation of section 16, chapter 200, of the laws of 1921, New Jersey, entitled," &c.

The prosecutor contends that this complaint is defective in that it does not allege what rate of speed Mr. MacEvoy was driving and is barren of any allegation disclosing facts which would show how or in what manner Mr. MacEvoy was reckless. In a complaint the charge should be so set out that the accused may know what he is called upon to meet. *Peer* v. *Dickson*, 82 *N. J. L.* 367.

An examination of the sixteenth section of the Motor Vehicle act, under which this complaint is brought, shows that certain rates of speed may be maintained, but not exceeded. Then it is stated in the act under what circumstances a speed of one mile in seven minutes may be maintained, under what circumstances a speed of one mile in five minutes may be maintained, under what circumstances a speed of one mile in four minutes may be maintained. Elsewhere a speed of thirty miles per hour may be maintained. Then follows a provision which reads as follows: "Provided, however, that nothing in this act contained shall permit any person to drive a motor vehicle recklessly, or at any speed greater than is reasonable, having regard to the traffic or use of the highways or so as

to endanger the life or limb or to injure the property of any person."

It will be observed that the complaint does not set forth any violation of speed by the prosecutor at the time of the accident. It embodies the proviso of the act as above quoted. We deem the complaint faulty in that it does not set forth in what particulars the prosecutor was, at the time of the accident, violating the provisions of the act. Upon this ground, the conviction for reckless driving will be set aside.

The complaint for the failure to stop is in the following language: "Walter V. H. MacEvoy did operate and drive an automobile  *  *  *  and that while operating said automobile he did cause injury to the said Helen Betts and to divers other persons, and that he did not at once stop to ascertain the extent of the injuries and render such assistance as was needed, contrary to and in violation of subdivision 4 of section 14, chapter 209, laws of 1921," &c.

The justice of the peace, in making up the record of conviction upon this complaint, found the defendant guilty not only of failure to stop to ascertain extent of the injuries and to render assistance, but also found the defendant guilty of reckless driving and imposed a fine of $10 for each offence. He likewise, in the complaint for reckless driving, fined the defendant . $10 for this offence and the same sum for the offence of failing to stop after causing injury. The records of the conviction in each case are defective. Each record includes a finding not warranted by the complaint. The conviction for failing to stop after causing injury is set aside for this reason.